## HART et al. v. COMMISSIONERS OF THE DISTRICT OF COLUMBIA.

### No. 9221.

United States Court of Appeals District of Columbia.

Argued May 30, 1946.

Decided June 17, 1946.

Mr. George C. Gertman, of Washington, D. C., for appellants.

Mr. Chester H. Gray, Principal Assistant Corporation Counsel, District of Columbia, of Washington, D. C., with whom Mr. Vernon E. West, Corporation Counsel, District of Columbia, Mr. Milton D. Korman, Assistant Corporation Counsel, District of Columbia, and Mr. John J. Donnelly, Assistant Corporation Counsel, District of Columbia, all of Washington, D. C., were on the brief, for appellees.

Before EDGERTON, WILBUR K. MILLER and PRETTYMAN, Associate Justices.

PRETTYMAN, Associate Justice.

Frank C. Berens was adjudged insane and committed to St. Elizabeth's Hospital in 1910. At that time he had a wife and three daughters aged three, five, and seven years, respectively. His property consisted of a house, in which the family lived, and certain stock, upon part of which dividends were paid regularly. The court appointed the wife committee of the patient's estate and directed that she be allowed from the estate $75 a month for her support and that of her three children.

The wife and one daughter have long since died. The other two daughters are married. The dividends from the stock were used by the wife until her death and have been used since then by the daughters. The house was occupied by the wife until her death and by the daughters until 1940, at which time it was rented. The rent has been used by the daughters.

In 1945 the Commissioners of the District of Columbia filed a petition in the District Court for the appointment of a successor committee, and appellant Hart was appointed. The Commissioners then petitioned for payment, out of the estate, of the past-due indebtedness to the District of Columbia for the care and maintenance of the patient, and for an instruction to the committee to bring an action for an accounting on behalf of the estate against the daughters for the income of the estate used by them from the time they were married or attained their majority and for the reasonable rental value of the house from that time until 1940. The court granted the petition. The committee and the daughters brought this appeal.

■ That the estate of a patient committed to St. Elizabeth's Hospital while a resident of the District of Columbia, is liable to the District of Columbia for his

878

maintenance, was settled by this court in Baker v. District of Columbia, 1912, 39 App.D.C. 42; Depue v. District of Columbia, 1916, 45 App.D.C. 54, Ann.Cas.1917E, 414; and Fitzhugh v. District of Columbia, 1940, 71 App.D.C. 290, 109 F.2d 837. Those same cases established that the statute of limitations does not run against the District of Columbia in its claims for such maintenance.

Appellants argue that the Baker, Depue, and Fitzhugh cases concerned patients who were originally indigent but who thereafter acquired property. We do not think that those cases were so limited, but even if they were, we see no difference in principle between the acquisition of property by a patient and the release of his property from the obligations of support of his wife and family. In the case at bar, the court in 1910 was of the view that the patient's estate should be used for the support of his family in preference to his own support. When his wife and daughter died and the other daughters became of age or married, that primary obligation ceased. The patient's estate thereupon became available for his own maintenance.

Affirmed.