STONEWALL CONSTRUCTION COMPA-
NY, a *corporation*, Appellant,

v.

Robert E. McLAUGHLIN et al., constituting
the District Unemployment Compen-
sation Board, Appellees.

No. 2357.

Municipal Court of Appeals for the
District of Columbia.

Argued March 16, 1959.

Decided May 28, 1959.

. Mark P. Friedlander, Jr., Washington, D. C., with whom Mark P. Friedlander, Washington, D. C., was on the brief, for appellant.

Joseph Notes, Washington, D. C., with whom Louis Mackall, Jr., and John A. Weil, Washington, D. C., were on the brief, for appellees.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellees brought this suit against appellant in the Municipal Court to recover contributions alleged to be owing to the District Unemployment Compensation Board.[1] According to the complaint, the most recent contributions had been due on

1. The statutory authority for such an action is contained in Code 1951, § 46–304 (h) (Supp. VI): "If, after due notice, any employer defaults in any payment of contributions or interest thereon, the amount due may be collected by the Board or its designated agent in the manner provided by law for the collection of taxes due the District on personal property in force at the time of such collection (including collection thereof by distraint), or by civil action in the name of the Board, and the employer adjudged in default shall pay the costs of such action."

January 31, 1955; this action was filed on August 12, 1958. Appellant's sole defense was that the claim was barred by the general statute of limitations of three years.[2] The trial court ruled, among other things, that the general statute of limitations was not applicable to a claim of this sort and entered judgment for appellees, from which this appeal is prosecuted. One point is dispositive of all issues: we hold that there is no statute of limitations on this claim.

It is firmly established that a sovereign, whether state or national, is exempt from the operation of statutes of limitations where it seeks to assert a public right, unless the sovereign expressly provides that its claim shall be barred if not pursued within a stated period of time.[3] Congress has not provided a specific statute of limitations for suits to recover contributions due to the District Unemployment Compensation Board. In view of this fact, appellees take the position that the above stated rule is applicable here; that a suit of this character is an assertion by a sovereign power of a public right, and it is therefore exempt from the general statute of limitations. We agree.

"Compulsory unemployment contributions are taxes * * *"[4] which are expended for a public purpose, the relief of unemployment.[5] Therefore, a suit brought to recover such contributions is one asserting a public right. Administration of the Act[6] and the right to collect contributions,[7] including the right to make collections by a civil action if necessary,[8] is vested in the District Unemployment Compensation Board, appellee herein, by Congress, which has plenary power to legislate for the District of Columbia.[9] Consequently, the general statute of limitations does not run against the Board in a suit by it to recover unemployment contributions.[10]

Affirmed.

HOOD, Associate Judge (dissenting).

I dissent. I think it is more reasonable to assume that Congress by failing to specifically impose a time limitation on actions by the Board intended that such actions be controlled by our general statute of limitations than to assume that Congress intended that such actions be subject to no time limitation.

2. Code 1951, § 12–201.

3. Guaranty Trust Co. of New York v. United States, 1938, 304 U.S. 126, 132–133, 58 S.Ct. 785, 82 L.Ed. 1224.

4. National Rifle Ass'n of America v. Young, 1943, 77 U.S.App.D.C. 290, 291, 134 F.2d 524, 525.

5. Carmichael v. Southern Coal & Coke Co., 1937, 301 U.S. 495, 515–518, 57 S.Ct. 868, 81 L.Ed. 1245, 109 A.L.R. 1327.

6. Code 1951, § 46–313.

7. Code 1951, § 46–304(a).

8. Code 1951, § 46–304(h) (Supp. VI).

9. Atlantic Cleaners & Dyers v. United States, 1932, 286 U.S. 427, 52 S.Ct. 607, 76 L.Ed. 1204.

10. See also, Hake v. Warren, 1947, 184 Tenn. 372, 199 S.W.2d 102; cf. Eureka Printing Co. v. Division of Employment Security, 1956, 21 N.J. 383, 122 A.2d 345; and see the opinion by former Chief Judge Cayton, then a Judge of the Municipal Court, in Hazen v. Allen, 69 W.L.R. 518 (Mun.Ct.1941).