John B. CULLEN, Administrator of the Estate of Rachel Berry, Deceased, Appellant,

v.

DISTRICT OF COLUMBIA, a municipal corporation, Appellee.

No. 3914.

District of Columbia Court of Appeals.

Argued June 6, 1966.

Decided Aug. 3, 1966.

---

John B. Cullen, Washington, D. C., pro se.

David P. Sutton, Asst. Corp. Counsel, with whom Milton D. Korman, Acting Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

PER CURIAM:

The administrator of an estate appeals from a summary judgment entered in favor of the District of Columbia upon its complaint seeking to recover the costs of care and maintenance for decedent while she was a patient at St. Elizabeths Hospital.[1] Appellant contends that the statute of limitations [2] precludes any recovery against the estate because the action was not filed until more than nine years after the last payment was made on the account in 1955.

The decedent, Rachel Berry, was a patient at the institution from July 30, 1940, to May 17, 1941, and again from January 29, 1951, until November 28, 1955. Between the periods of hospitalization, she resided in the District of Columbia where she died on May 27, 1964. Appellant was duly appointed administrator of her estate. The District submitted a claim against the estate for $5,597.24, representing the unreimbursed portion of the costs of maintenance of the decedent during her periods of confine-ment. The last payment on her account, in the amount of $1,437.00, was made in December 1955. The present suit was filed in April 1965 after the administrator had rejected the claim.[3] Both sides presented motions for summary judgment, resulting in the granting of the District's motion and denial of the administrator's motion.

The administrator argues that it was incumbent upon the District to make timely inquiry to ascertain the decedent's ability to reimburse it and to take action to collect the costs of decedent's hospitalization during her lifetime instead of waiting five years beyond the expiration of the three-year statute of limitation which would have barred any action against the patient herself if she had been personally sued. The decisions on this point, are, however, to the contrary.

▮ § 21–586, D.C.Code, 1961, Supp. V, 1966, specifically provides that "the estate of the mentally ill person, if the estate is sufficient for the purpose, shall pay the cost to the District of Columbia of the mentally ill person's maintenance, including treatment, in a hospital in which the person is hospitalized under this chapter." That the estate of a patient committed to St. Elizabeths Hospital while a resident of the District of Columbia is liable to the District of Columbia for his maintenance has long been settled by the courts in this jurisdiction. Hart v. Commissioners of District of Columbia, 81 U.S.App.D.C. 154, 155 F.2d 877 (1946); Fitzhugh v. District of Columbia, 71 App.D.C. 290, 109 F.2d 837 (1940); Depue v. District of Columbia, 45 App.D.C. 54 (1916), Ann.Cas.1917E, 414; Baker v. District of Columbia, 39 App.D.C. 42 (1912). These same cases have established that the statute of limitations does not run against the District in its efforts to collect such claims. We have found no change in the application of these prin-

---

1. D.C.Code, 1961, Supp. V, 1966, § 21–586.

2. D.C.Code, 1961, Supp. V, 1966, § 12–301.

3. As far as the record reveals, the estate possesses sufficient funds to reimburse the District of Columbia for the expenses claimed.

ciples and appellant asserts no reason why the statute's effect should be different in respect to the present suit.

As we find that the statute of limitations does not bar the suit filed by the District of Columbia seeking reimbursement from the Berry estate for the cost of the care and maintenance of the decedent while she was a patient at Saint Elizabeths Hospital, the action of the trial court in granting appellee's motion for summary judgment is

Affirmed.