In the
United States Court of Appeals
For the Seventh Circuit

No. 00-2540

United States of America,

Plaintiff-Appellee,

v.

Helen Bass,

Defendant-Appellant,

Appeal from the United States District Court
for the Southern District of Illinois.
No. 00-CR-30020--William D. Stiehl, Chief Judge.

Argued September 8, 2000--Decided December 1, 2000

 Before Flaum, Chief Judge, and Posner and Rovner,
Circuit Judges.

 Posner, Circuit Judge.  This appeal from a
sentence for violation of conditions of
supervised release presents a novel question
under the federal sentencing guidelines. In
December of last year the federal district court
in St. Louis sentenced Helen Bass for bank fraud
upon her plea of guilty. The sentence, as stated
in the form document entitled "Judgment in a
Criminal Case," was as follows: "The defendant is
sentenced to a one (1) day imprisonment with
credit given for time served. The defendant is
placed on a term of six (6) months home
confinement. The defendant is released to begin
her term of home confinement and upon completion
the defendant is to begin her term of five (5)
years supervised release." The sentencing
guidelines provide that for a Class B felony,
which Bass's offense was, a sentence of
supervised release with home confinement
substituted for imprisonment is proper only if
the defendant is sentenced to at least one
month's imprisonment. U.S.S.G. sec. 5C1.1(c)(2).
But without objection by the government the
sentencing judge departed downward from one month
to one day. In exercising such lenience the judge
was hoping that Bass, who was employed, would be
able to repay the $31,000 that she had stolen
from the bank; home confinement would permit her
to work during the day. See U.S.S.G. sec. 5F1.2
Background Note ("in the usual case, the
Commission assumes that a condition requiring
that the defendant seek and maintain gainful

employment will be imposed when home detention is ordered"). The maximum period of supervised release for a Class B felony is five years. 18 U.S.C. sec. 3583(b)(1).

Although Bass worked in St. Louis, she lived across the Mississippi River, in Belleville, in the Southern District of Illinois. Two months after sentencing Bass, and thus during her period of home confinement, the sentencing judge transferred jurisdiction over her case to the Southern District of Illinois pursuant to 18 U.S.C. sec. 3605. This section provides that a defendant who is on supervised release may be transferred to another district, and the transfer gives the judge in that district the same powers as the original sentencing judge. The transfer order states that the period of the defendant's supervised release runs from December 10, 1999, the date of Bass's sentencing, to December 9, 2004. Bass did not object to the transfer.

In May, the probation office for the southern district filed a petition with that court seeking to revoke Bass's supervised release on the ground that she had violated its conditions, for example by not returning home immediately after work as the home-confinement portion of her sentence, still in force, required. After a hearing, Judge Stiehl revoked Bass's supervised release and sentenced her to six months in prison followed by 54 months of supervised release. The sentence was imposed on June 6, 2000, by which time Bass was no longer in home confinement, although the violations of the conditions of supervised release that were the basis for the revocation had occurred while she was.

The ground of the appeal is that the judge in Missouri had no jurisdiction to transfer the case to another district, and therefore that Judge Stiehl acted beyond his power when he revoked Bass's supervised release. Since the transfer statute merely regulates venue, it may be doubted whether a violation of it goes to jurisdiction; if it does not, then Bass's failure to have objected to the transfer bars her argument. But in any event we do not think the statute was violated.

It is true that the statute is limited to defendants who are on supervised release; and Bass argues that in February, when she was transferred, she was still under home confinement and so, under the terms of the judgment, her term of supervised release had not yet begun. The judgment had been explicit that Bass's five-year term of supervised release was to begin at the end of the six-month period of home confinement. If, instead, it had begun at the beginning of

that period, as the government argues in defense of Judge Stiehl's authority, it would exceed five years and thus pierce the statutory ceiling. The government contends that the judgment is ambiguous as to when the period of supervised release was to begin. It points out that the section of the judgment captioned "Supervised Release" states that "upon release from imprisonment, the defendant shall be on supervised release for a term of 5 years," and the government interprets "imprisonment" to refer to the one day in prison, not the six months of home confinement. The government also points out that the transfer order has the period of supervised release beginning on the date of the sentence and ending five years later; and this it contends is what the sentencing judge intended.

The most natural interpretation of what the sentencing judge intended is that the period of supervised release was to begin upon the defendant's release from home confinement. The term "imprisonment" on which the government rests its best argument of ambiguity is part of the form language in the judgment, rather than language used by the judge himself; and as for the transfer order, it was issued months later and the dates of the period of supervised release were probably filled in by a clerk and, since they were just for identification, not reviewed carefully by the judge.

So on the plane of literal interpretation the defendant has the better of the argument. But that is not the right plane to stay on. If the judgment is read literally, the sentence was illegal, because there is no authority in federal law for imposing a free-standing sentence of home confinement. United States v. Gilchrist, 130 F.3d 1131, 1137 (3d Cir. 1997) (concurring opinion). Home confinement is authorized only as a condition of pretrial release, probation, or supervised release. U.S.S.G. sec. 5F1.2 ("home detention may be imposed as a condition of probation or supervised release, but only as a substitute for imprisonment"). Cases can be found in which a free-standing rather than conditional sentence of home confinement was imposed, see, e.g., United States v. Warner, 43 F.3d 1335, 1336 (10th Cir. 1994), but in none was the propriety of such a sentence discussed.

What is more, if read literally the judgment in this case would have prevented transferring supervision of the defendant to the district in which she lives during the very period in which she was confined to her home; and that would make no practical sense, since it is during that period, when she is working outside the home, that supervision is required. Had the sentencing

judge in Missouri been apprised by the parties (the Department of Justice was especially remiss in failing to apprise him) of the legal and practical obstacles to his sentence, we are sure he would have done just what Judge Stiehl interpreted him to have done. That is, make the five-year maximum term of supervised release run from the date of the sentence (the defendant had already served the one day in prison) and require as a condition of supervised release that she spend the first six months in home confinement. Interpretation is a flexible tool, and if here employed rather aggressively to bring about the legally and practically sound result that Judge Stiehl lacked authority to bring about directly, we do not think it was flexed quite to the breaking point.

Affirmed.