In the

# United States Court of Appeals

### For the Seventh Circuit

No. 09-1410

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

PAO XIONG,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 1:07-cr-00112-WCG-2—**William C. Griesbach**, *Judge.*

ARGUED JANUARY 19, 2010—DECIDED FEBRUARY 8, 2010

Before BAUER and WOOD, *Circuit Judges*, and KENNELLY, *District Judge.*[*]

BAUER, *Circuit Judge*.  Pao Xiong burned down his mother's supermarket to help her collect the insurance money. He is currently serving fifteen years in prison. The

_____

[*] The Honorable Matthew F. Kennelly, United States District Court for the Northern District of Illinois, sitting by designation.

district court convicted him of arson, 18 U.S.C. § 844(i); mail fraud, 18 U.S.C. § 1341; conspiracy to commit arson and mail fraud, 18 U.S.C. § 371; and the use of fire to commit another felony (the mail fraud), 18 U.S.C. § 844(h). These various offenses overlap, Xiong claims, to such a degree that they violate his rights under the Fifth Amendment's Double Jeopardy Clause. We disagree.

The Double Jeopardy Clause provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. In addition to protecting people from being subjected to multiple trials for the same offense, the clause also protects against cumulative punishments imposed in a single trial by "prevent[ing] the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 366 (1983).

The test often used to determine legislative intent, and the one Xiong urges us to use, is the well-established rule from *Blockburger v. United States*, 284 U.S. 299 (1932), which compares the elements of one offense to the elements of another to determine "whether each provision requires proof of a fact that the other does not," i.e., whether the offenses are effectively different. *Id.* at 304. When the two offenses are effectively different, we presume Congress intended separate punishments for the multiple offenses. When they are effectively the same, we presume Congress intended only one punishment. *See Rutledge v. United States*, 517 U.S. 292, 297 (1996).

The *Blockburger* test usually compares the elements only of two offenses, but Xiong urges us to compare the ele-

ments of one offense (use of fire to commit a felony) to the sum of the elements of multiple offenses (arson, mail fraud, and conspiracy), as one of our sister circuits has done. *See United States v. Smith*, 354 F.3d 390, 398 (5th Cir. 2003); *see also United States v. Patel*, 370 F.3d 108, 114 (1st Cir. 2004). "It is just as unlikely," Xiong claims, "that Congress would have intended two crimes to be charged, when one is identical to the other, as it would be for four crimes to be charged, where the fourth is identical to the preceding three." Appellant's Br. at 13.

We have not applied this combination approach to *Blockburger* in similar circumstances. *See United States v. Gardner*, 211 F.3d 1049 (7th Cir. 2000); *United States v. Zendeli*, 180 F.3d 879 (7th Cir. 1999). And we need not decide whether to adopt the *Blockburger* combination approach as a proper rule of statutory construction. Even if we were to apply it, Xiong's convictions would stand, because each of the sum of the first three offenses, on the one hand, and the use of fire to commit a felony, on the other, "requires proof of a fact that the other does not." *Blockburger*, 284 U.S. at 304.

First, the sum of arson, mail fraud, and conspiracy requires proof that use of fire to commit a felony does not, and we will name two: an agreement and arson. The use of fire to commit a felony does not require proof of an agreement, one element of a conspiracy. Nor does it require proof of arson, which involves burning a "building, vehicle, or other real or personal property," 18 U.S.C. § 844(i), because it could be proved, for instance, if one were to commit insurance fraud by burning crops.

On the flip side, use of fire to commit a felony requires proof that the sum of the other three does not: a nexus between the use of fire and the felony. *See, e.g., Patel*, 370 F.3d at 116; *Smith*, 354 F.3d at 399; *United States v. Martin*, 523 F.3d 281, 292-93 (4th Cir. 2008). The sum of arson, mail fraud, and conspiracy does not require proof that the arson or the overt act element of a conspiracy were done in furtherance of the mail fraud. Indeed, all three could be unconnected events without any nexus. It matters not that Mr. Xiong's arson, mail fraud, and certain overt acts were connected, because the *Blockburger* test focuses not on the facts of an individual's case, but generically "on the proof necessary to prove the statutory elements of each offense." *Illinois v. Vitale*, 447 U.S. 410, 416 (1980).

Under the *Blockburger* combination approach Xiong urges, we discern that Congress intended separate punishments for Xiong's convicted offenses. His convictions are AFFIRMED.