# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10465

United States Court of Appeals
Fifth Circuit
**FILED**
February 14, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

RANDY DEWAYNE PITTMAN,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas

Before HIGGINBOTHAM, SMITH, and HIGGINSON, Circuit Judges.
JERRY E. SMITH, Circuit Judge:

Randy Pittman was convicted and sentenced. With his term of incarceration set to expire, Pittman moved for relocation of his supervised release ("SR") per 18 U.S.C. § 3605 (2012). The district court denied the motion as premature because Pittman was not then (and still is not) on SR. Concluding that we lack jurisdiction, we dismiss the appeal.

## I.

Pittman pleaded guilty of being a felon in possession of a firearm, in

No. 18-10465

violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  The district court sentenced him to fifty-one months imprisonment, followed by three years of SR.  Pittman seeks to serve his SR in the Northern District of Georgia, where he has familial ties, including a young son, instead of in the Northern District of Texas, where he has no such ties.  Consequently, in April 2018, Pittman moved for relocation of his SR.

The district court denied the motion, finding that "[b]ecause Pittman remains incarcerated and is not yet 'on' [SR], his request for transfer of jurisdiction is premature.  The [c]ourt cannot transfer jurisdiction of [SR] while a defendant is incarcerated."[1]  Pittman appeals, *pro se*.

## II.

## A.

Pittman makes two principal arguments.  First, he asserts that the district court erroneously concluded that his request for transfer was premature, maintaining that the district court "can transfer jurisdiction to another district for supervision" even though he is incarcerated.  Pittman faults the court's "interpretation" of § 3605 and contends that "[i]f [his] [c]ase [m]anager can file [a] relocation request [for SR] while the Defendant is incarcerated, the [d]istrict [c]ourt lacks no jurisdiction."

---

[1] *See, e.g., United States v. Miller*, 547 F.3d 1207, 1213 (9th Cir. 2008) ("Because Miller remained under BOP custody while he was at Bannock County Jail, his [SR] did not—and could not—commence until he was released from the Work Release Program."); *United States v. Bass*, 233 F.3d 536, 537–38 (7th Cir. 2000) ("It is true that [28 U.S.C. § 3605] is limited to defendants who are on [SR] . . . ."); *United States v. Siegel*, No. 1:08-CR-84-jgm-01, 2013 WL 461217, at *1 (D. Vt. Feb. 7, 2013) ("Because defendant will not be released from his imprisonment until January 31, 2014, he is not yet 'on' [SR].  Accordingly, the Court may not transfer jurisdiction over his [SR] at this time and his motion requesting that relief must be denied."); *United States v. Fuller*, 211 F. Supp. 2d 204, 205–06 (D. Me. 2002) ("Here, Defendant is not yet on [SR] and will not be so until January 2003.  The Court concludes that it is premature to determine at this time the district that should have jurisdiction over the execution of this Defendant's term of [SR] . . . .").

No. 18-10465

Second, Pittman avers that forcing him to enter a residential reentry center ("RRC") in the Northern District of Texas would undermine his ability "to [reintegrate] into society." He emphasizes that "[t]he primary function of the RRC is to provide [him] with the time needed to attain a stable residence, gainful employment[,] and to prepare for his [reentry] into society." Ultimately, Pittman asserts that his "chance of criminal recidivism is far less likely if he [is] release[d] into an environment where he has support and stability."

The government contends that we lack jurisdiction because "this appeal is not from a final order." The government maintains that "because—as the district court correctly concluded—Pittman's motion is premature, there is no final order under 28 U.S.C. § 1291 . . . ."

"Finality as a condition of review is [a] historic characteristic of federal appellate procedure." *Cobbledick v. United States*, 309 U.S. 323, 324 (1940). Therefore, "as courts of limited jurisdiction, we are obliged to examine the basis of our own jurisdiction," *Thompson v. Betts*, 754 F.2d 1243, 1245 (5th Cir. 1985), before reviewing the merits.[2]

B.

Pittman avers that we have jurisdiction under 28 U.S.C. § 1291, 18 U.S.C. § 3742(a), and Federal Rule of Appellate Procedure 4(b).[3] Section

---

[2] Jurisdiction over criminal appeals has tested even the most distinguished jurists since the early days of the Republic. *Compare United States v. Simms*, 5 U.S. (1 Cranch) 252, 253 (1803) (Marshall, C.J.) (assuming, mistakenly, that the Court had jurisdiction in a criminal appeal concerning a writ of error sought by the United States in the circuit court for the District of Columbia), *with United States v. More*, 7 U.S. (3 Cranch) 159, 172–74 (1805) (Marshall, C.J.) (finding that the Court lacked jurisdiction to hear the criminal appeal and noting that "[n]o question was made in [*Simms*] as to the jurisdiction. It passed *sub silentio*, and the court does not consider itself as bound by that case."). *See also United States v. Sanges*, 144 U.S. 310, 318–22 (1892) (discussing the history of criminal appeals and related jurisdictional questions).

[3] This court generally "construe[s] liberally the claims of *pro se* appellants." *United States v. Torres*, 163 F.3d 909, 910 n.5 (5th Cir. 1999).

3

1291 states that "[t]he courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ." Section 3742(a) permits, in certain circumstances, a defendant to "file a notice of appeal in the district court for review of an otherwise final sentence." Rule 4(b) governs the filing and timing of criminal appeals.

Unfortunately, none of these provisions provides jurisdiction.[4] With respect to § 1291, "an order is final only when it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *United States v. Branham*, 690 F.3d 633, 635 (5th Cir. 2012) (quoting *Thompson*, 754 F.3d at 1245). The district court has not yet entered a final order determining whether to authorize Pittman's request for a transfer of jurisdiction. Instead, the court concluded that Pittman's motion was "premature" because "[t]he [c]ourt cannot transfer jurisdiction of [SR] while a defendant is incarcerated." Consequently, the best view is that, as in *Branham*, the denial of Pittman's motion is "simply not a final, appealable order." *Id.*

Similarly, § 3742(a) does not provide jurisdiction to hear Pittman's appeal. As the government notes, this statutory provision "applies to sentences, not transfers of jurisdiction over [SR] terms." Moreover, in *United States v. Fernandez*, 379 F.3d 270, 277 n.8 (5th Cir. 2004), we held that "the location of [SR] jurisdiction is not a *condition* of the [SR]." Therefore, because Pittman is not challenging a condition of his sentence, this provision does not afford jurisdiction.

One other potential jurisdictional basis—although not expressly cited by Pittman—is the collateral order doctrine, which allows appeals from a "small class [of orders] which finally determine claims of right separable from, and

---

[4] Rule 4(b) is not, itself, an independent basis for jurisdiction. *See* FED. R. APP. P. 4(b).

collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949); *cf. Bank of Columbia v. Sweeny*, 26 U.S. (1 Pet.) 567, 569 (1828) (Marshall, C.J.). "The collateral order doctrine establishes that certain decisions of the district court are final in effect although they do not dispose of the litigation." *United States v. Brown*, 218 F.3d 415, 420 (5th Cir. 2000) (quoting *Davis v. E. Baton Rouge Par. Sch. Bd.*, 78 F.3d 920, 925 (5th Cir. 1996)). To be appealable, an order must "(1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." *Will v. Hallock*, 546 U.S. 345, 349 (2006) (quoting *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993)). "The collateral order doctrine is rarely applied in criminal cases," *In re Grand Jury Subpoena*, 190 F.3d 375, 381 (5th Cir. 1999), and is interpreted "with the utmost strictness."[5]

The better view is that the collateral order doctrine is not applicable here. The district court did not "conclusively determine the disputed question," finding only that the motion was "premature," so long as Pittman remains

---

[5] *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 799 (1989) (quoting *Flanagan v. United States*, 465 U.S. 259, 265 (1984)); *see also Mohawk Indus. v. Carpenter*, 558 U.S. 100, 108–09 (2009) (Sotomayor, J.) ("The crucial question . . . is whether deferring review until final judgment so imperils the interest as to justify the cost of allowing immediate appeal of the entire class of relevant orders. We routinely require litigants to wait until after final judgment to vindicate valuable rights, including rights central to our adversarial system."). In *Midland Asphalt*, 489 U.S. at 799, the Court noted that "[a]lthough we have had numerous opportunities in the 40 years since *Cohen* to consider the appealability of prejudgment orders in criminal cases, we have found denials of only three types of motions to be immediately appealable: motions to reduce bail, *Stack v. Boyle*, 342 U.S. 1 (1951), motions to dismiss on double jeopardy grounds, *Abney v. United States*, 431 U.S. 651 (1977), and motions to dismiss under the Speech or Debate Clause, *Helstoski v. Meanor*, 442 U.S. 500 (1979)."

incarcerated.   Moreover, it did not "resolve an important issue completely separate from the merits of the action" and instead squarely addressed the jurisdictional transfer issue.  Lastly, the order is not "effectively unreviewable on appeal from a final judgment" because should Pittman choose to renew his motion once on SR, he would be able to appeal any adverse judgment per § 1291.  Consequently, the collateral order doctrine does not confer appellate jurisdiction here.

The appeal is DISMISSED for want of jurisdiction.