# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-51008

United States Court of Appeals
Fifth Circuit

**FILED**

October 9, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

LUIS VALENCIA,

Defendant−Appellant.

Appeal from the United States District Court
for the Western District of Texas

Before  OWEN, Chief Judge, and JONES and SMITH, Circuit Judges.
JERRY E. SMITH, Circuit Judge:

Luis Valencia appeals the denial of his motion to dismiss his indictment. Concluding that we lack jurisdiction, we dismiss the appeal.

I.

In November 2017, a grand jury indicted Valencia for violations of

No. 18-51008

various federal statutes.  One year later, the President accepted the resigna-tion of Attorney General Sessions and designated Matthew Whitaker as Acting Attorney General.  Citing the alleged illegality of Whitaker's designation, Val-encia moved to dismiss the indictment.  The district court denied the motion on the merits, concluding that Whitaker's designation was valid under both the U.S. Constitution and relevant federal statutes.

## II.

### A.

Valencia's argument proceeds in two steps.  First, he contends that the district court erroneously held that Whitaker's designation conformed to the Appointments Clause, Art. II § 2, cl. 2, and to applicable federal statutory law, 28 U.S.C. §§ 508, 3345.  Second, Valencia suggests that the court also erred in holding that, even absent a lawfully appointed Attorney General, a validly appointed United States Attorney maintains the authority to prosecute.  The government replies that we lack jurisdiction because the district court's denial of Valencia's motion to dismiss "was not a 'final decision[]' under 28 U.S.C. § 1291" and "the collateral-order doctrine does not apply."

Valencia does not claim that this court has jurisdiction under § 1291. Instead, he avers that the order is appealable as a collateral order.  "[A]s courts of limited jurisdiction, we are obliged to examine the basis of our own jurisdic-tion before reviewing the merits."  *United States v. Pittman*, 915 F.3d 1005, 1007 (5th Cir. 2019) (citation and internal quotation marks omitted).

### B.

The collateral order doctrine allows appeals from a "small class [of orders] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too

No. 18-51008

independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). Applicable orders must "(1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." *Will v. Hallock*, 546 U.S. 345, 349 (2006) (quoting *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993)). "The collateral order doctrine is rarely applied in criminal cases," *In re Grand Jury Subpoena*, 190 F.3d 375, 381 (5th Cir. 1999), and is interpreted "with the utmost strictness," *Pittman*, 915 F.3d at 1008 (citations omitted).

The denial of Valencia's motion is not an appealable collateral order. Although the order did "conclusively determine the disputed question," arguably "resolv[ing] an important issue completely separate from the merits of the action," it is not "effectively unreviewable on appeal from a final judgment." Indeed, Valencia will have the opportunity to raise these same issues when appealing any adverse final judgment per § 1291.

The Supreme Court has "had numerous opportunities in the [70] years since *Cohen* to consider the appealability of prejudgment orders in criminal cases, [and has] found denials of only three types of motions to be immediately appealable: motions to reduce bail, motions to dismiss on double jeopardy grounds, and motions to dismiss under the Speech or Debate Clause." *Midland Asphalt Corp. v. United States*, 489 U.S. 794 (1989) (internal citations omitted). We decline to find a new category today. *See Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 113 (2009) ("[T]he class of collaterally appealable orders must remain narrow and selective in its membership.") (citation and internal quotation marks omitted).

The appeal is DISMISSED for want of jurisdiction.

3