NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 12, 2021[*]
Decided March 15, 2021

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 20-2020

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 07-CR-112 |
| PAO HUE YENG XIONG, *Defendant-Appellant.* | William C. Griesbach, *Judge*. |

## O R D E R

Pao Xiong, while still a federal inmate, asked his sentencing judge in the Eastern District of Wisconsin to "modify" his supervised release by allowing him to serve it in the Northern District of Texas so that he could live with his fiancée and her children. The court denied the request and then denied Xiong's motion to reconsider. Xiong timely appealed only the second ruling. Because the court did not abuse its discretion by adhering to its original decision, we affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

A jury in the Eastern District of Wisconsin found Xiong guilty of arson, mail fraud, witness tampering, and making a false statement. The district court sentenced him to 180 months in prison and three years' supervised release. One standard condition of supervised release prohibited Xiong from leaving the Eastern District of Wisconsin without permission of the court or his probation officer. *See* U.S.S.G. § 5D1.3(c)(3). Xiong appealed but did not challenge any aspect of his sentence, including supervised release; we affirmed his conviction. *See United States v. Xiong*, 595 F.3d 697 (7th Cir. 2010).

While in prison, Xiong became engaged to marry a woman who lives in Texas. So he began asking to serve his supervised-release term there. In March 2019, the probation office in the Northern District of Texas denied Xiong's request for a transfer of supervision but told him it would reconsider if he complied with his release conditions for six months. Xiong also sought relief in the Northern District of Texas; that court denied his petition under 28 U.S.C. § 2241 for lack of jurisdiction. *See Xiong v. United States*, No. 4:20-CV-285-O (N.D. Tex. March 31, 2020).

Xiong then asked the district court in Wisconsin to modify his release conditions under 18 U.S.C. § 3583 to allow him to live in Texas, arguing that not doing so would violate his constitutional right to familial association. The court denied the motion along with Xiong's two requests for an expedited decision. It questioned whether, under 18 U.S.C. § 3605, it could transfer jurisdiction over Xiong to another judicial district before his supervised-release term began. In any event, the court explained, it could order the transfer only if the receiving court agreed to it, and it had not. *See* § 3605. Xiong then filed a "Motion to Alter and/or Amend" the ruling, in which he insisted that he was entitled to live in Texas with his fiancée and her children. The district court summarily denied that motion in a minute entry. Xiong left prison in December 2020.

On appeal, Xiong contends that the district court erred in denying his original motion and his motion to "Alter and/or Amend." But we limit our review to the denial of the second motion. *See United States v. Xiong*, No. 20-2020 (7th Cir. Aug. 5, 2020). Xiong missed the 14-day deadline to file a notice of appeal or move for reconsideration of the order denying his transfer request. *See* FED. R. APP. P. 4(b)(1)(A); *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010). So the "Motion to Alter and/or Amend" did not toll the time for taking an appeal from the original ruling, and his notice of appeal is timely only with respect to the denial of his second motion. *See* FED. R. APP. P. 4(b)(1)(A); *United States v. Redd*, 630 F.3d 649, 650 (7th Cir. 2011).

Xiong argues that his motion was brought under 18 U.S.C. § 3583(e)(2), which allows the modification of supervised-release conditions "at any time," but the district court erroneously considered it under the transfer statute, *see id.* § 3605. We disagree. As the district court recognized, Xiong's request implicated the jurisdiction of the court over his person, which, for a supervisee, is initially with the court "imposing a sentence." *Id.* Only a transfer could divest the Eastern District of Wisconsin of jurisdiction. But Xiong was not a person "on supervised release," *id.*, while he was still incarcerated. *See* 18 U.S.C. § 3424(e); *United States v. Johnson*, 529 U.S. 53, 57 (2000). Therefore, the district court could not yet transfer jurisdiction. *See* 18 U.S.C. § 3605; *United States v. Bass*, 233 F.3d 536, 537 (7th Cir. 2000). Nothing in Xiong's motion for reconsideration (also filed before his release) could have provided grounds for revisiting the denial of his request.

Even if we reviewed Xiong's motion under the auspices of 18 U.S.C. § 3583(e)(2), we would not conclude that it was an abuse of discretion not to reconsider modifying his conditions of supervised release to permit him to live outside of Wisconsin. *See United States v. Hook*, 471 F.3d 766, 770 (7th Cir. 2006). Although the court denied reconsideration in summary fashion, we presume that it stood on its original reasoning because Xiong's motion for reconsideration was nearly identical to his original motion. *See Sigsworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007); *see also United States v. Nonahal*, 338 F.3d 668, 670–71 (7th Cir. 2003) (affirming denial of request to move while on supervised release, though district court gave no explanation for its denial of original motion or motion for reconsideration). In denying the original modification motion, the court explained that allowing Xiong to live in Texas would be inappropriate because his only tie there was his fiancée, with whom he began a relationship while he was in prison. In contrast, Xiong grew up and had family in Wisconsin. The court also noted that Xiong's conviction for possessing contraband while incarcerated, *see* 18 U.S.C. § 1791, made him a "poor candidate" for a transfer.

Xiong also asserts that the court violated his right to family integrity when it refused his request to serve his supervised-release term in Texas. But he has not shown that the conditions of release prohibiting him from leaving Eastern District of Wisconsin interferes with any right he may have to associate with his fiancée or her children. *See United States v. Lee*, 950 F.3d 439, 448–49 (7th Cir. 2020). Xiong can live with his fiancée in Wisconsin, visit Texas with the permission of the court or his probation officer, and seek a transfer of supervision at an appropriate time.

AFFIRMED