SUSAN M. CHEHARDY, Judge.
 

 12This is an
 
 Anders
 
 appeal,
 
 [1]
 
 in which we find merit to the assertion by the defen
 
 *237
 
 dant’s appellate counsel that there are no non-frivolous issues to raise on appeal, and we further find no reversible patent errors. We affirm the convictions and sentences.
 

 The Jefferson Parish District Attorney filed a five-count bill of information against George McGee, to which the defendant pleaded not guilty at arraignment on December 18, 2006.
 
 [2]
 

 On May 25, 2007, the district attorney filed an amended five-count bill of information, charging the defendant as follows: Count 1, violation of La. R.S. 40:967(A) by distribution of cocaine; Count 2, violation of La. R.S. 14:27:30 by attempted first degree murder; Count 3, violation of La. R.S. 14:95.1 by possession of a firearm as a convicted felon; Count 4, violation of La. R.S. 40:967(A) by possession with intent to distribute cocaine; and Count 5, violation of La. R.S. 40:966(0 by possession of marijuana, second offense. On the same date the defendant was arraigned on the amended charges and pleaded not guilty.
 

 |ROn October 12, 2007, the trial court heard and denied the defendant’s motions to suppress evidence and statement, but held open the defendant’s motion to suppress identification.
 

 On January 4, 2008, the State amended Count 5 of the bill of information to charge possession of marijuana, third offense. Although the minute entry for January 4, 2008 indicates arraignment on the amended charge was scheduled for January 7, 2008, the record does not show the defendant was arraigned on that date.
 
 [3]
 

 On March 10, 2008, the defendant withdrew his not-guilty pleas and pleaded guilty as charged to all five offenses. He was sentenced that day to ten years at hard labor on Count 1, the first two years to be served without benefit of probation, parole, or suspension of sentence; 25 years at hard labor on Count 2, without benefit of probation, parole, or suspension of sentence; ten years at hard labor on Count 3, without benefit of probation, parole, or suspension of sentence; ten years at hard labor on Count 4, the first two years to be served without benefit of probation, parole, or suspension of sentence; and ten years at hard labor on Count 5. The court ordered that all the sentences run concurrently.
 

 The State filed a habitual offender bill as to Count 2, alleging the defendant to be a second-felony offender. On March 12, 2008, the defendant stipulated to his habitual offender status. The court vacated the sentence on Count 2 and imposed a habitual offender sentence of 25 years at hard labor without benefit of probation, parole, or suspension of sentence, to run concurrently with all the other sentences.
 

 The defendant later sought and was granted an out-of-time appeal.
 

 | ¿FACTS
 

 Because there was no trial, the following facts are taken from the hearing on the defendant’s pre-trial motions. Detective Brian McGregor of the Kenner Police Department testified he investigated the attempted murder of Michael Knowles. Detective McGregor stated that upon locating witnesses who identified George McGee as the shooter, he obtained a warrant for the defendant’s arrest.
 

 In the warrant application, Detective McGregor averred that on Thursday, September 14, 2006, Kenner police officers responded to a complaint of aggravated battery by shooting in the 2800 block of
 
 *238
 
 Greenwood Street in Kenner. When they arrived they found the victim, Michael Knowles, had been shot multiple times. Knowles told them he and his friend, Carl McKnight, attempted to buy crack cocaine from a man whom McKnight knew. When Knowles expressed his dissatisfaction with the cocaine that was offered, the man shot him.
 

 Detective McGregor further stated in his arrest warrant application that officers interviewed Carl McKnight. McKnight informed them that Knowles arranged to buy drugs from a subject known as Tony. Tony and the defendant, George McGee, met with Knowles and McKnight in the 2800 block of Greenwood Street. Knowles refused to buy the crack cocaine the defendant offered because he believed it to be of poor quality. The defendant responded by producing a handgun and shooting Knowles several times.
 

 According to the arrest warrant affidavit, detectives were familiar with the subject called Tony, known to them as Anthony Young, because the officers had arrested Young numerous times for drug offenses. McKnight told the officers that Young lived at 2829 Greenwood Street, Apartment C, in Kenner, and the defendant lived in an apartment behind Young’s.
 

 | r,Detective McGregor testified he learned from the owner of the apartment complex that the defendant lived in apartment A. The detective then applied for and obtained a search warrant for 2829 Greenwood Street, apartment A. Detective McGregor testified he executed the search warrant on September 22, 2006. He seized a .32 caliber Smith and Wesson handgun, as well as some Louisiana identification cards and documents bearing the defendant’s name. The defendant was not at the apartment at the time of the search. Detective McGregor learned he might be at 1500 West Esplanade, apartment 1-A.
 

 Detective David Stromeyer testified that he and other officers went to the West Esplanade apartment to execute the arrest warrant. The apartment’s occupants allowed the officers to enter. The officers found the defendant sleeping on the floor of a bedroom. Detective Stromeyer testified that when he entered the bedroom, he saw the handle of a handgun protruding from under a dresser six inches from where the defendant lay. The officers arrested the defendant on the warrant, and searched him incident to the arrest. They found marijuana, crack cocaine, currency, and bullets on the defendant’s person. Detective Stromeyer advised the defendant of his rights, and the defendant was transported to the detective bureau of the Kenner Police Department.
 

 Detective McGregor testified he met with the defendant at the police department and advised him of his Miranda
 
 [4]
 
 rights. The defendant waived his rights and agreed to submit to questioning. The defendant gave a recorded statement regarding the narcotics and weapon seized at 1500 West Esplanade. Detective McGre-gor testified he advised the defendant of his rights a second time. The defendant again waived his rights, and he made a recorded statement regarding the attempted murder charge. Detective McGregor took a third statement from the | r,defendant that day regarding a shooting incident in which he claimed to have been the victim. Detective McGregor testified that he did not use threats or coercion to induce the defendant to submit to the interviews, nor did he promise the defendant anything in exchange for his statements.
 

 
 *239
 
 ANDERS BRIEF
 

 Under the procedure set forth in
 
 State v. Benjamin,
 
 573 So.2d 528, 530 (La.App. 4 Cir.1990),
 
 [5]
 
 the defendant’s appointed appellate counsel has filed a brief pursuant to
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and
 
 State v. Jyles,
 
 96-2669, p. 3 (La.12/12/97), 704 So.2d 241, 242 (per curiam). Counsel asserts she has thoroughly-reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, defense counsel asks this Court’s leave to withdraw as counsel of record.
 

 The State agrees that the record shows there are no non-frivolous issues for appeal.
 

 In
 
 Anders,
 
 the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it.
 
 [6]
 
 The request must be accompanied by “a brief referring to anything in the record that might arguably support the appeal” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.”
 
 McCoy v. Court of Appeals of Wisconsin, Dist. 1,
 
 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
 

 In
 
 State v. Jyles,
 
 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an
 
 Anders
 
 brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detañed explanation of why the motions or objections lack merit. Rather, the , court explained, an
 
 Anders
 
 brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.”
 
 State v. Jyles, supra.
 

 In evaluating an appeal for compliance with
 
 Anders,
 
 an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous.
 
 State v. Bradford,
 
 95-929, p. 4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel.
 
 Id.
 

 The defendant’s appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Counsel notes the defendant entered guilty pleas to the sub
 
 *240
 
 stantive offenses without preserving any issues for appeal. The defendant also stipulated to the allegations in the habitual offender bill of information, and his enhanced sentence was part of a|8sentencing agreement. Counsel avers that she could find no deficiencies in the
 
 Boykin
 
 colloquy
 
 [7]
 
 and that the defendant’s guilty pleas were knowing and voluntary. She further asserts that the trial court properly advised the defendant of his rights prior to his habitual offender stipulation, and the defendant knowingly waived his rights and entered into the habitual offender admission.
 

 Appellate counsel filed a motion for leave to withdraw as attorney of record in this Court, as well as a copy of the briefing notice she sent to the defendant informing him of his right to file a
 
 pro se
 
 brief. In addition, this Court sent the defendant a letter by certified mail informing him that an
 
 Anders
 
 brief had been filed and that he had until April 2, 2009 to file a
 
 pro se
 
 supplemental brief. The defendant has not filed a brief.
 

 An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. When a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief.
 
 State v. Wingerter,
 
 05-697, p. 5 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664. Of the defendant’s pretrial motions, the district court heard and denied only the motions to suppress evidence and statement.
 
 [8]
 
 At the time of his guilty pleas, the defendant did not preserve the district court’s rulings for appeal under the holding in
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976).
 

 The record shows the district court ascertained that the defendant was 29 years old and had an eleventh-grade education. The district court properly advised the defendant of the right to a jury trial, the right of confrontation, and the privilege against self-incrimination, as required by
 
 Boykin.
 
 The judge also explained the | flOffenses with which the defendant was charged, the sentencing ranges for those offenses, and the sentences he would receive under the plea agreement. The defendant acknowledged that he understood his rights, and that he wished to waive them and enter a guilty plea. In addition, the defendant, his attorney, and the judge signed a waiver-of-rights form that enumerated the defendant’s rights and detailed the sentence he would receive pursuant to his plea bargain.
 

 The defendant’s original sentences present no appealable errors. The sentence on Count 2 was vacated when the defendant stipulated to the multiple bill. The other four sentences resulted from a plea agreement. La. C. Cr. P. art. 881.2(A)(2) provides, “The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.” Thus, the defendant is precluded from challenging his habitual offender sentence on appeal, since it was also part of a sentencing agreement.
 
 State v. Cross,
 
 06-866, p. 4 (La.App. 5 Cir. 4/11/07), 958 So.2d 28, 30.
 

 In addition, all of the sentences fell within the sentencing ranges prescribed by
 
 *241
 
 statute. At the time of defendant’s offenses, the sentencing range for distribution and possession with intent to distribute cocaine (Counts 1 and 4) was two to 30 years, with the first two years being without benefit of parole, probation, or suspension of sentence. La. R.S. 40:967(B)(4)(b). The second-felony-offender sentencing range for attempted first degree murder (Count 2) was 25 to 100 years, without benefit of parole, probation, or suspension of sentence. La. R.S. 15:529.1(A)(l)(a); La. R.S. 14:27(D)(l)(a); La. R.S. 14:30(C). The sentencing range for possession of a firearm by a convicted felon (Count 8) was ten to 15 years, with a mandatory fine of $1,000 to $5,000. La. R.S. 14:95.1(B). The sentencing range for third offense possession of marijuana (Count 5) was zero to 20 years. La. R.S. 40:966(E)(S).
 

 ImThe defendant entered an admission to the allegations in the habitual offender bill of information. La. R.S. 15:529.1(D)(l)(a) requires that prior to stipulating to the allegations in a habitual offender bill, a defendant must be advised of the specific allegations contained in the bill and his right to a formal hearing at which the State must prove its case. Implicit in this requirement is the additional requirement that the defendant be advised of his constitutional right to remain silent.
 
 State v. Johnson,
 
 432 So.2d 815, 817 (La.1983);
 
 State v. Bell,
 
 03-217, p. 4 (La.App. 5 Cir. 5/28/03), 848 So.2d 87, 90.
 

 Before accepting the defendant’s admission, the district court adequately advised him of his right to a habitual offender hearing and his right to remain silent. The court also advised the defendant of the enhanced sentence the court would impose in accordance with the sentencing agreement. The defendant stated he understood his rights. The defendant, his attorney, and the judge completed a habitual offender waiver-of-rights form that listed his rights and the sentencing range to which he was exposed.
 

 Because appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel’s assertion, -we grant appellate counsel’s motion to withdraw as attorney of record.
 

 ERROR PATENT DISCUSSION
 

 Pursuant to our usual procedure, we reviewed the record for patent errors, as set out in La. C. Cr. P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990). We found two patent errors.
 

 First, the record does not show the defendant was arraigned on an amended charge: On January 4, 2008, the State amended Count 5 of the bill of information Into a charge of third-offense possession of marijuana. Although the minute entry for January 4, 2008 indicates the defendant’s arraignment on the amended charge was scheduled for January 7, 2008, the record does not show he was arraigned on the amended offense prior to entering his guilty plea. That error does not affect the outcome of the ease, however, because the defendant waived the error when he entered his guilty plea without objecting to the district court’s omission. La. C. Cr. P. art. 555. In such an instance, a defendant is considered to have pleaded not guilty; hence, no corrective action is needed.
 
 Id.
 

 Second, the district court imposed an illegally lenient sentence on Count 3, possession of a firearm by a convicted felon (La. R.S. 14:95.1), because the court failed to impose the mandatory fine of between $1,000 and $5,000. Neither the State nor the defendant has raised
 
 *242
 
 the issue on appeal. This Court has the authority to correct an illegally lenient sentence. La. C. Cr. P. art. 882. This authority is permissive rather than mandatory.
 
 State v. Jordan,
 
 02-820, p. 8 (La.App. 5 Cir. 12/30/02), 836 So.2d 609, 614.
 

 Where a defendant is sentenced pursuant to a guilty plea, this Court has declined to correct an illegally lenient sentence, recognizing that the appellate court should refrain from employing errors patent review to set aside guilty pleas about which the defendant makes no complaint and that resulted in disposition of the case favorable to the defendant.
 
 State v. Grant,
 
 04-341, pp. 4-5 (La.App. 5 Cir. 10/26/04), 887 So.2d 596, 598.
 

 In a recent case,
 
 State v. Campbell,
 
 08-1226 (La.App. 5 Cir. 5/26/09), 15 So.3d 1076, this Court declined to correct an illegally lenient sentence where the district court failed to impose a mandatory fine in a sentence that was part of a plea bargain. We stated that where the defendant is indigent we 112have often declined to exercise our authority to correct illegally lenient sentences agreed upon as part of a plea bargain.
 

 In the case at bar, it appears the defendant is indigent. He is represented by the Louisiana Appellate Project, which provides appellate services for indigent criminal defendants in non-capital felony cases.
 
 (See http://vnow. appellateproject. orgf).
 
 Since the defendant’s sentence in the instant case resulted from a guilty plea, we refrain from exercising our authority to correct the illegally lenient sentence.
 
 [9]
 

 For the foregoing reasons, the defendant’s convictions and sentences are affirmed. The motion to withdraw as counsel for the defendant is hereby granted.
 

 AFFIRMED.
 

 [1]
 

 .
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
 

 [2]
 

 . The original bill of information is not in the record on appeal.
 

 [3]
 

 . See error patent discussion,
 
 infra.
 

 [4]
 

 .
 
 Miranda v. Arizona,
 
 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
 

 [5]
 

 . The procedure set forth in
 
 Benjamin
 
 for compliance with
 
 Anders
 
 was sanctioned by the Louisiana Supreme Court in
 
 State v. Mouton,
 
 95-0981, pp. 1-2 (La.4/28/95), 653 So.2d 1176, 1177
 
 (per curiam),
 
 and adopted by this Court in
 
 State v. Bradford,
 
 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.
 

 [6]
 

 . The United States Supreme Court most recently reaffirmed its position on
 
 Anders
 
 in
 
 Smith v. Robbins,
 
 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).
 

 [7]
 

 .
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
 

 [8]
 

 . The defendant waived his outstanding motions by pleading guilty without complaining of the trial court's failure to rule on them.
 
 State v. Corzo,
 
 04-791, p. 2 (La.App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102.
 

 [9]
 

 .
 
 See also, State v. Griffin,
 
 41,946, p. 4 (La.App. 2 Cir. 5/2/07), 956 So.2d 199, 202, in which the second circuit declined to correct an illegal sentence that did not include a mandatory fine, stating, "Given defendant's apparent indigent status and state of health, amendment of his sentence to include such a fine would be injudicious.”