In the

# United States Court of Appeals

### For the Seventh Circuit

No. 09-3245

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JAMES FAULDS, JR.,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 07-CR-20004—**Michael P. McCuskey**, *Chief Judge.*

ARGUED APRIL 19, 2010—DECIDED JULY 8, 2010

Before BAUER and SYKES, *Circuit Judges*, and GRIESBACH, *District Judge.*[*]

GRIESBACH, *District Judge.* On February 29, 2008, following a four-day trial, a jury found James Faulds, Jr., guilty of one count of distribution of child pornography ("Count 1") and a separate count of possession of such

---

[*] Hon. William C. Griesbach, District Judge for the Eastern District of Wisconsin, sitting by designation.

material ("Count 2"). The district court sentenced Faulds to a term of 240 months on Count 1 and a consecutive term of 120 months on Count 2 for a total of 360 months. Faulds argues on appeal that the possession charge was included within the distribution charge and his conviction on both counts therefore violates the Double Jeopardy Clause of the Constitution. Because Faulds did not raise the issue in the trial court, the issue before us is whether his conviction on both counts constitutes plain error. We find no error and affirm his conviction.

## I. BACKGROUND

On July 16, 2006, while investigating in an undercover capacity crimes of child exploitation, James Mooney, a special agent with U.S. Immigration and Customs Enforcement ("ICE"), logged into an Internet chat room called "aLLgirls." Special Agent ("S.A.") Mooney knew from previous experience that people used that chat room to trade images of preteen females engaged in sexually explicit conduct. When Mooney entered the room, Faulds' computer was already logged onto the same chat room under the screen name "Wscrypt."

S.A. Mooney made a direct, "client-to-client" connection with Faulds' file server, which had 2,751 files available, consisting of 1.22 gigabytes of images and 34 folders. One of the folders labeled "Mar" contained a six-page listing of images. Mooney knew, also from his previous experience, that "Mar" contained images of child pornography. He downloaded 12 images from the "Mar" folder and a movie from a folder labeled "Girlvids." The "Mar" images

depicted a 6- or 7-year-old girl being sexually abused. The movie showed sexual abuse of an 11- or 12-year-old girl.

The software S.A. Mooney was using allowed him to determine the IP address for Wscrypt and the service provider for the account. In response to a subpoena to the service provider, Mooney learned Faulds' name and that he lived in Rankin, Illinois. Mooney, who was stationed in Portland, Oregon, then forwarded the results of his investigation to ICE Special Agent Michael Mitchell in Springfield, Illinois.

On August 18, 2006, S.A. Mitchell and other law enforcement agents in central Illinois executed a search warrant on the home where Faulds was living with his parents. From his bedroom, they seized computers, CDs, and a DVD that contained Faulds' extensive pornography collection, much of which included child pornography. In the course of their search, the officers also spoke with Faulds who admitted that he collected child pornography and shared it with others through file-sharing computer software.

From their examination of the material seized from Faulds' bedroom, law enforcement determined that the various items contained a total of 9,869 pornographic images of children and 719 pornographic movies involving children. The "Mar" folder alone contained more than 300 pornographic pictures of the same 6- or 7-year-old girl. In addition, the 12 images that S.A. Mooney had downloaded from Faulds' server on July 16 were still on Faulds' computer when agents seized it on August 18, 2006.

In January 2007, a grand jury returned a two-count indictment charging Faulds with distributing a visual depiction of a minor engaged in sexually explicit conduct on July 16, 2006, in violation of 18 U.S.C. § 2252(a)(2), and possessing material containing a visual depiction of such a minor on August 18, 2006, in violation of 18 U.S.C. § 2252(a)(4). Although counsel was appointed to represent him, Faulds announced prior to jury selection on the first day of trial that he intended to represent himself. After insuring that Faulds understood the right he was waiving and was competent to do so, the district court accepted his waiver but directed his attorney to continue as stand-by counsel.

Over the course of the trial, in addition to the testimony of S.A. Mooney and S.A. Mitchell, the government introduced a number of exhibits, including the images and movie that S.A. Mooney received after remotely accessing Faulds' computer from Portland. Faulds' father testified about his son's computer knowledge and his exclusive Internet access in their home, and a local detective testified about Faulds' admissions about his possession and distribution of child pornography. The computers, CDs, and DVD seized from Faulds' bedroom were also offered and received. The government briefly published to the jury the 12 images and the movie S.A. Mooney received. It also published a few additional images S.A. Mitchell found on Faulds' computers and CDs. Other depictions were described to the jury.

For his defense, Faulds denied that he had made any inculpatory statements to law enforcement and denied

knowledge of the child pornography found on his computer. Faulds theorized that someone had accessed his computer remotely, uploaded child pornography to the computer's hard drive, and burned pornographic images to a CD in the computer's CD tray. The jury apparently did not believe Faulds, and after a brief deliberation, returned a verdict of guilty as to each count.

At sentencing, the trial court calculated an advisory sentence range of 360 months to life under the United States Sentencing Guidelines. In order to reach the low end of the advisory range, the court imposed the maximum terms on each count and ordered that they be served consecutively. Faulds now argues that his conviction on both counts violates the Double Jeopardy Clause of the Fifth Amendment.

## II. DISCUSSION

As noted above, because Faulds did not raise his double jeopardy defense in the district court, this Court reviews his claim for plain error. Fed. R. Crim. P. 52(b); *United States v. Van Waeyenberghe*, 481 F.3d 951, 958 (7th Cir. 2007). "Under the plain error standard, the party asserting the error must establish (1) that there was in fact an error; (2) that the error was plain; and (3) that the error affects substantial rights." *United States v. Van Allen*, 524 F.3d 814, 819 (7th Cir. 2008) (internal quotations omitted). Moreover, even where plain error is found, the defendant is not automatically entitled to relief. The relief afforded by Rule 52(b) is discretionary, and "[w]e will not exercise our discretion to consider the error

unless it 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.' " *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). In this case we conclude that Faulds' appeal fails at the first step: there was no error, plain or otherwise.

The Double Jeopardy Clause provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. By its terms, the Clause protects an individual from "being subjected to the hazards of trial and possible conviction more than once for an alleged offense." *Green v. United States*, 355 U.S. 184, 187 (1957). However, the Double Jeopardy Clause has long been construed by the Court to also bar multiple punishments for the same offense in a single trial absent legislative intent to the contrary. *Missouri v. Hunter*, 459 U.S. 359, 366 (1983). The test used to determine whether the same act or conduct constitutes one offense or two is the *Blockburger* test: "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). If under this test the two charged offenses constitute only one offense in fact (usually because one is a lesser included offense of the other), conviction and sentence for only one is generally permitted. *Rutledge v. United States*, 517 U.S. 292, 297 (1996). This result follows from the presumption that a legislature does not intend to impose two separate punishments for the same offense. *Id.; see also United States v. Pao Xiong*, 595 F.3d 697,

698 (7th Cir. 2010) ("When the two offenses are effectively different, we presume Congress intended separate punishments for the multiple offenses. When they are effectively the same, we presume Congress intended only one punishment.").

Relying primarily on *United States v. Schales*, 546 F.3d 965 (9th Cir. 2008), Faulds argues that under the *Blockburger* test distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) and possession of the same material in violation of 18 U.S.C. § 2252(a)(4)(B) constitute a single offense. As a matter of law, he argues, possession of child pornography is a lesser included offense of its distribution. It thus follows, he contends, that conviction for only one of the two offenses is permitted and one of his sentences must be vacated.

In *Schales* the Ninth Circuit held that the defendant's convictions for both receiving and possessing material involving the sexual exploitation of minors under the same statute violated the Double Jeopardy Clause of the Fifth Amendment and remanded the case to the district court with instructions to vacate one of the convictions. *Id.* at 977. Applying the *Blockburger* test, the *Schales* Court held that possession of material involving the sexual exploitation of minors in violation of 18 U.S.C. § 2252(a)(4)(B) is a lesser included offense of receipt of the same material in violation of 18 U.S.C. § 2252(a)(2). *See also United States v. Ball*, 470 U.S. 856, 862 (1985) ("[P]roof of illegal receipt of a firearm necessarily includes proof of illegal possession of that weapon."). *Schales* thus held that "while the government can indict

a defendant for both receipt and possession of sexually explicit material, entering judgment against him is multiplicitous and a double jeopardy violation when it is based on the same conduct." 546 F.3d at 978; *see also United States v. Davenport*, 519 F.3d 940 (9th Cir. 2008) (holding that possessing child pornography contrary to 18 U.S.C. § 2252A(a)(5)(B) is lesser included offense of receipt of child pornography contrary to 18 U.S.C. § 2252A(a)(2)).

Although Faulds was convicted of possession and distribution of material involving a minor engaged in sexually explicit conduct, as opposed to possession and receipt of such material, he argues that the same conclusion follows. Just as one must possess such material in order to receive it, so also one must be in possession of it in order to distribute it to another. Faulds argues that his convictions for distributing and possessing child pornography are based on the same set of operative facts. He contends that the government failed to differentiate at trial the images he was charged with distributing from those he was charged with possessing. Indeed, Faulds notes that the prosecutor introduced the series of images that S.A. Mooney downloaded on July 16, 2006, exhibits 1J through 1U and 1V, and then established that these same images were found on the computers seized from Faulds' home a month later when S.A. Mitchell executed the search warrant. Because the government did not specify which images Faulds was charged with simply possessing and which he was charged with distributing, Faulds argues that the jury likely convicted him of possessing the same images that

he was also found to have distributed. And since under the *Blockburger* test, possession of child pornography is a lesser included offense of distribution of child pornography, Faulds claims his conviction for both cannot stand.

The obvious defect in Faulds' argument is that the two convictions do not rest on the same set of operative facts. Count 1 of the indictment charged Faulds with distributing material involving the sexual exploitation of children to S.A. Mooney on July 16, 2006, whereas Count 2 was based on Faulds' possession of such material more than a month later on August 18, 2006, when S.A. Mitchell executed a search warrant on his home and seized his computers and related devices, along with the CDs and DVD, on which his entire collection was stored. Even assuming the jury convicted Faulds of both distribution and possession based solely on the same images (which seems doubtful given the evidence presented), the fact that the distribution count was based on events that transpired more than a month before the events giving rise to the possession count is fatal to Faulds' claim that he is being punished twice for the same offense. The crime of distributing the contraband material was complete when S.A. Mooney downloaded the twelve images and movie containing child pornography from Faulds' server on July 16. The fact that he continued to possess those and other images thereafter constitutes a separate crime.

In arguing to the contrary, Faulds fails to distinguish between contraband in the form of a tangible object, such as a gun or illegal drugs, from child pornography

which today almost always consists of intangible images created and transmitted using digital technology. When the contraband is a tangible object, like illegal drugs, distributing the contraband necessarily means giving up possession, i.e., transferring it to another. Once it is distributed, the contraband is no longer possessed, and its possession prior to distribution is implicit in the distribution itself. The same is not true, however, with respect to distribution of digital depictions of minors being sexually exploited. The transmission of such material over the Internet is in effect the transmission of a copy, allowing the owner to retain the original on his own computer. Thus, Faulds could continue to possess the digital images on his own computer even after he had distributed identical images to S.A. Mooney, leaving him free to view it himself or distribute it to others. Faulds' continued possession of the material after his distribution of a series of images to S.A. Mooney therefore constitutes a separate and distinct crime. No double jeopardy violation has been shown.

This Court rejected a similar contention in *United States v. Snyder*, 189 F.3d 640 (7th Cir. 1999). There, the defendant was charged with separate counts of receipt and distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2), and a third count of possession of child pornography with intent to sell in violation of 18 U.S.C. § 2252(a)(3)(B). On appeal, the defendant argued that two of the three counts should have been dismissed for multiplicity because all three charged him with different methods of committing the same offense. Convictions on all three counts, he argued, violated the

Double Jeopardy Clause. *Id.* at 646-47. Noting that the indictment alleged that the violations occurred over a nine-month period and that the government had presented evidence that Snyder had committed numerous separate acts during this period, the Court found no violation. "The Double Jeopardy Clause is not implicated when multiple separate violations of the same provision are charged in multiple counts." *Id.* at 647.

The same conclusion follows here. Faulds' two convictions are based on different acts that occurred over a period of more than a month. "The *Blockburger* test is implicated only 'where the same act or transaction constitutes a violation of two distinct statutory provisions.'" *Schales*, 546 F.3d at 978 (quoting *Blockburger*, 284 U.S. at 304.). It has no application to the facts of this case. Even if it is ordinarily true that to distribute something one must also possess it, it does not follow that one must possess it a month after the distribution is complete. Congress intended to punish possession of child pornography as well as distribution, and Faulds' continued possession of the pornography was an independent crime subject to sanction. The fact that he happened also to distribute it a month earlier does not insulate him from liability for continued possession a month later. Faulds' convictions are therefore affirmed.