FREDERICKA HOMBERG WICKER, Judge.
12In this appeal, defendant, Karim J. Ford, challenges the validity of his guilty pleas, claiming that he was led to plead guilty based on his belief that he would be *843 eligible for parole after serving two years of his sentence. For the reasons that follow, we affirm defendant’s original convictions and sentences, as well as the multiple offender determination on count two and the enhanced sentence imposed pursuant thereto. We remand the matter with instructions.
The Jefferson Parish District Attorney filed a bill of information charging defendant with possession of a firearm by a convicted felon, in violation of LSA-R.S. 14:95.1 (count one); possession with intent to distribute cocaine, in violation of LSA-R.S. 40:967 A (count two); and possession of marijuana, second offense, in violation of LSA-R.S. 40:966 C (count three). At the arraignment, defendant pled not guilty; however, he subsequently withdrew those pleas, and after being advised of his constitutional rights and executing a waiver of rights form, he pled guilty as charged to all three counts. In accordance with the plea agreement, the trial court sentenced defendant, on count one, to fifteen years at hard | Jabor without benefit of parole, probation, or suspension of sentence; on count two, to fifteen years at hard labor, the first two years to be served without benefit of parole, probation, or suspension of sentence; and on count three, to five years at hard labor. The judge gave defendant credit for time served and ordered that all sentences run concurrently with one another.
With regard to count two, the State filed a multiple offender bill of information pursuant to the provisions of LSA-R.S. 15:529.1, alleging defendant to be a second felony offender. After defendant was advised of his rights and admitted to the allegations in the multiple bill, the trial court vacated the original sentence on count two, and sentenced defendant to fifteen years at hard labor. He ordered that the first two years be served without benefit of parole, probation, or suspension, and that the entire sentence be served without benefit of probation or suspension. The court also ordered the habitual offender sentence to run concurrently with all other sentences defendant was serving, giving defendant credit for time served. The trial court subsequently granted defendant an out-of-time appeal.
On appeal, defendant’s appointed appellate counsel has filed a brief which focuses on defendant’s parole eligibility. Defendant has also filed a pro se supplemental brief in which he alleges that trial counsel was ineffective in failing to reserve any issues for appeal pursuant to State v. Crosby, 338 So.2d 584 (La.1976). In his pro se brief, defendant further alleges that his guilty plea to the multiple offender bill of information was involuntary because it was based on his belief that he would be eligible for parole in two years. We will first address appointed counsel’s argument.
In his brief, appointed appellate counsel asserts that defendant’s sentence as a multiple offender is unclear as to his parole eligibility, and as such, the sentence should be vacated and the matter remanded to the trial court for resentencing. In 14the alternative, counsel requests that defendant be permitted to withdraw his guilty plea to the multiple offender bill.
After accepting defendant’s stipulation to the multiple bill, the trial court vacated the original sentence on count two and sentenced defendant, as a second felony offender, as follows:
With respect to the multiple bill filed, it is the sentence of this Court with respect to count two, that the Court is going to vacate the sentence of 15 years previously handed down, and now sentence you as a second offender under the provisions of Louisiana Revised Statute 15:529.1 on count two, and sentence you to 15 years at hard labor, the *844 first two years are to be served without benefit of probation, parole or suspension of sentence.
Since you are being sentenced as a multiple offender, that sentence is served without benefit of probation or suspension of sentence. This sentence is concurrent with all the others that you are serving, and you are to be given credit for all time served.
I will state for the record, Mr. Ford, that it is the Court’s recommendation that you be allowed to serve this concurrent with any parole violation, but that is up to the parole board as to whether or not they are going to run it concurrent or consecutive. I will state for the record that it is my intention that you be allowed to serve it concurrently, but it is up to the parole board.
The minute entry/commitment from the multiple offender sentencing reflects that defendant’s enhanced sentence is to be served without benefit of probation or suspension, but makes no mention of parole eligibility with regard to the fifteen years.
We first note that the sentence imposed by the trial court, as reflected in the transcript, is a legal sentence imposed in accordance with statutory provisions. The underlying conviction that was enhanced in this matter was for possession with intent to distribute cocaine. The penalty provision for this offense, LSA-R.S. 40:967 B(4)(b), mandates, in pertinent part, imprisonment at hard labor for not less than two years nor more than thirty years, with the first two years without benefit of parole, probation, or suspension. LSA-R.S. 15:529.1 G requires that the entire |sterm of the multiple offender sentence be imposed without benefit of probation or suspension of sentence.
The restrictions for parole eligibility are those called for in the reference statute. State v. Smith, 09-100 (La.App. 5 Cir. 8/25/09), 20 So.3d 501, 509, writ denied, 09-2102 (La.4/5/10), 31 So.3d 357. Therefore, the trial court was authorized to impose the first two years of the multiple offender sentence without benefit of parole, and the entire sentence without benefit of probation or suspension. To the extent that the minute entry is inconsistent with the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983). Accordingly, we remand the matter to the district court with instructions to correct the minute entry/commitment in accordance with the transcript to reflect that the first two years of the multiple offender sentence is to be served without benefit of parole, probation, or suspension of sentence, and the entirety of the sentence is to be served without benefit of probation or suspension.[1] We also direct the clerk of court to transmit the amended minute entry to the officer in charge of the institution to which defendant has been sentenced as well as to the Department of Public Safety and Corrections General Counsel. LSA-C.Cr.P. art. 892(B)(2); State ex rel. Roland v. State, 06-0244 (La.9/15/06), 937 So.2d 846.
As a source of the confusion over his parole eligibility, defendant points to the court’s language in the sentencing transcript previously cited and claims that his parole eligibility was left up to the Department of Corrections. He specifically points to that portion of the transcript which states that “it is the Court’s recommendation that he be allowed to serve this *845 sentence concurrent with any parole violation, but that is up to the parole board whether or not they are going to |firun it concurrent or consecutive.” This language is not related to the sentence imposed, but rather appears to stem from defendant’s question to the trial court as to whether he could violate his parole in open court. Thus, the only mention of the parole board’s discretion involves whether or not defendant would serve time for an unrelated parole violation in concurrence with or consecutively to the sentence under the multiple bill.
Thus, based on the foregoing discussion, we find no merit to counsel’s arguments relating to the uncertainty of defendant’s parole eligibility. The transcript is quite clear that with regard to the fifteen year multiple offender sentence, the first two years are to be served without benefit of parole, probation, or suspension, and the entirety of the sentence is to be served without benefit of probation or suspension. LSA-R.S. 40:967 B(4)(b) and LSA-R.S. 15:529.1 G.
Defendant has also filed his own brief raising two assignments or error. In the first argument presented, defendant alleges that trial counsel was ineffective in failing to preserve any pre-plea issues for appeal pursuant to State v. Crosby, supra.
A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution. In assessing a claim of ineffectiveness, a two-pronged test is employed. The defendant must show: 1) his attorney’s performance was deficient, and 2) the deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Allen, 06-778 (La.App. 5 Cir. 4/24/07), 955 So.2d 742, 750, writ denied, 08-2432 (La.1/30/09), 999 So.2d 754. The error is prejudicial if it is so serious as to deprive the defendant of a fair trial, or “a trial whose result is reliable.” Strickland, 466 U.S. at 687, 104 S.Ct. at 2064; State v. Allen, 06-788 at 10, 955 So.2d at 750. In order to show prejudice, the |7defendant must demonstrate that, but for counsel’s unprofessional conduct, the outcome of the case would have been different. Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; State v. Allen, supra.
An ineffective assistance of counsel claim is most appropriately addressed through an application for post-conviction relief filed in the trial court where a full evidentiary hearing can be conducted. State v. Cambre, 05-888 (La.App. 5 Cir. 7/25/06), 939 So.2d 446, 460, writ denied, 06-2121 (La.4/20/07), 954 So.2d 158. Where the record does not contain sufficient evidence to fully explore a claim of ineffective assistance of counsel, the claim should be relegated to post-conviction proceedings under LSA-C.Cr.P. arts. 924-930.8; State v. Rose, 97-943 (La.App. 5 Cir. 1/27/98), 708 So.2d 1093, 1095, writ denied, 98-0673 (La.8/28/98), 723 So.2d 416.
Defendant argues that he received ineffective assistance of counsel because his attorney failed to preserve Crosby issues. He does not point to any specific adverse ruling that prejudiced him, and in fact, from the record before us, there does not appear to have been any pre-plea rulings by the trial court. Defendant merely makes a general allegation that trial counsel’s failure to preserve any issues for appeal prejudiced him because the outcome of the case would have been different if information had been ruled inadmissible. Since there does not appear to have been any adverse rulings upon which defendant’s counsel could base a Crosby plea, this claim alleging ineffectiveness of counsel is without merit.
*846 In his second assigned error, defendant seeks to withdraw his guilty plea to the multiple offender bill of information, claiming that he was induced to enter the plea based on assurances that he would receive a sentence in which he would be eligible for parole after serving two years.
|RIf a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter, 05-697 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664. Additionally, once a defendant is sentenced, only those pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boy-kin colloquy is inadequate,[2] or when defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.
We have reviewed the record in the instant case and find that there is no evidence to indicate that defendant’s guilty pleas, either to the original charges or to the multiple offender bill of information, were constitutionally infirm in any way. The record reflects that defendant was properly advised of his Boykin rights prior to entering his guilty pleas to the original bill of information. Specifically, the trial court advised defendant of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination. In addition, the trial court informed defendant of the maximum penalty exposures for the offenses charged in the bill and further advised him of the actual sentences which would be imposed pursuant to his plea agreement with the State. The trial judge specifically advised defendant as follows:
The sentence as discussed between the Court and your attorney and the district attorney on the 95.1 would be 15 years at hard labor, to be served without benefit of probation, parole, or suspension of sentence.
With respect to count two, the possession with intent to district[sic] cocaine will be 15 years at hard labor, the first two years are to be | served without benefit of probation, parole or suspension of sentence; and count three, the second offense possession of marijuana, five years at hard labor, and all of those are to run concurrent.
During the colloquy, defendant acknowledged that he understood the possible penalties as well as the actual sentences that would be imposed. In addition, defendant signed a waiver of rights form indicating that he understood his rights as well as the consequences of his guilty pleas.
With regard to the multiple offender proceedings, defendant likewise executed a waiver of rights form which was signed by defendant, his attorney, and the trial judge. Prior to accepting defendant’s admission to the multiple bill, the trial court went over the rights form with defendant and made sure that defendant was aware of his right to a hearing and of his right to remain silent on the multiple bill. In addition, the trial court advised defendant of the possible sentencing range as well as *847 the penalty that would be imposed.[3] After going over the form with defendant and verifying that he signed the form, the trial court accepted defendant’s stipulation to the multiple offender bill.
Accordingly, based on our review of the record, we find that defendant’s guilty pleas to the original charges as well as the multiple bill were freely and voluntarily made after a proper advisal of the applicable rights. In addition, defendant was made aware at the time of the original guilty pleas of the availability of benefits on counts one and two. Contrary to defendant’s assertions, there is nothing in the record to indicate that defendant was promised that he would be eligible for parole after serving two years of his sentence. Moreover, this argument regarding defendant’s parole eligibility on count two is moot because defendant’s entire fifteen year sentence on count one, possession of a firearm by a convicted Imfelon, was imposed without benefit of probation, parole, or suspension as mandated by LSA-R.S. 14:95.1. In addition, LSA-R.S. 15:574.4 A(l) further restricts defendant’s parole eligibility. That provision provides, in part, that “upon conviction of a second felony offense, such person shall be eligible for parole consideration upon serving one-half of the sentence imposed.” Therefore, defendant’s arguments regarding the validity of his guilty plea are without merit.
We have also reviewed the record for errors patent in accordance with LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
Our review reveals that the trial court failed to impose a mandatory fine for count one, felon in possession of a firearm, as required by LSA-R.S. 14:95.1, and thus, imposed an illegally lenient sentence. LSA-R.S. 14:95.1(B) requires a fine of “not less than one thousand dollars nor more than five thousand dollars.” This Court has the authority to correct an illegally lenient sentence. LSA-C.Cr.P. art. 882. However, this authority is permissive rather than mandatory.
When a defendant is sentenced pursuant to a guilty plea, this Court has declined to correct an illegally lenient sentence, recognizing that the appellate court should refrain from employing errors patent review to set aside guilty pleas about which the defendant makes no complaint and that resulted in disposition of the case favorable to the defendant. State v. McGee, 09-102 (La.App. 5 Cir. 9/29/09), 24 So.3d 235, 242. In State v. Campbell, 08-1226 (La.App. 5 Cir. 5/26/09), 15 So.3d 1076, writ denied, 09-1385 (La.2/12/10), 27 So.3d 842, this Court, noting defendant’s indigent status, declined to correct an illegally lenient sentence where the trial court failed to impose a mandatory fine in a sentence that was part of a plea bargain.
|T1In the present case, it is noted that defendant is indigent, since he is represented by the Louisiana Appellate Project, which provides appellate services for indigent criminal defendants in non-capital felony cases. Since defendant’s sentence resulted from a guilty plea and the State did not object to the trial court’s failure to impose a fine as to count one, and defendant is indigent, we refrain from exercising our authority to correct the illegally lenient sentence.
Also, the record reveals a discrepancy between the minute entry/commitment and the transcript with regard to the *848 concurrent nature of defendant’s sentences. The commitment reflects that defendant’s original sentences are to be served concurrently with any and all other sentences he is presently serving; however, the transcript indicates that with regard to the original sentences, the trial court ordered them to run concurrently with each other; however, he did not order the sentences to run concurrently with any other sentences defendant was presently serving. As noted previously, the transcript prevails. Therefore, we remand this case to the trial court with instructions to correct the minute entry/commitment to delete the reference relating to the original sentences that the sentences are to run concurrently with any other sentences defendant was presently serving. State v. Shannon, 04-1361 (La.App. 5 Cir. 4/26/05), 902 So.2d 519, 524.
Accordingly, for the reasons set forth herein, we affirm defendant’s original convictions and sentences as well as the multiple offender determination and the enhanced sentence imposed pursuant thereto. We remand the matter to the trial court with instructions to correct the minute entry/commitment.

CONVICTIONS AND SENTENCES AFFIRMED; MATTER REMANDED WITH INSTRUCTIONS.

. Under LSA-R.S. 15:301.1(A) and the rationale in State v. Williams, 00-1725 (La. 11/28/01), 800 So.2d 790, the restriction of benefits is self-activating. Therefore, while it was not necessary for this Court to order the correction of the minute entry/commitment, we do so to prevent any further confusion to defendant.

. Under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the decision to plead guilty will not be considered free and voluntary unless, at the very least, the defendant was advised of his constitutional rights against self-incrimination, to a trial by jury, and to confront his accusers. State v. Ursin, 98-435 (La.App. 5 Cir. 10/28/98), 720 So.2d 1248, 1249.

. During the multiple offender proceedings, the trial court incorrectly told defendant that the maximum sentence he could receive was thirty years; however, the waiver of rights form properly advised defendant that he faced a maximum sentence of sixty years on the multiple bill. Defendant received the agreed to sentence of fifteen years.