ROBERT A. CHAISSON, Judge.
|2In this appeal, the defendant, Anthony R. Christensen, challenges the trial court’s denial of his motion to quash the bill of information based on double jeopardy grounds. For the reasons that follow, we find no error in the trial court’s ruling.

FACTS AND PROCEDURAL HISTORY

According to the police report contained in the record, from August 27 to September 8, 2009, the Kenner Police Department conducted an online undercover operation to identify and arrest anyone who used the internet to sexually exploit Louisiana chil *986 dren. Posing as a fourteen-year-old female named “Ashton,” Detective Sergeant Robert McGraw entered an online chat room and was contacted by the defendant, a forty-two-year-old man using the pen name “la_cajunman_24.” During the time frame listed in the police report, the defendant engaged in numerous sexual conversations with the individual he believed to be a fourteen-year-old female. On August 31, 2009, the defendant sent the undercover officer two images: one of an unknown white male exposing his bare buttocks, and the Usecond of an unknown white male exposing his erect penis. On September 2, 2009, the defendant also sent the undercover officer approximately twenty-six images of unknown white females who were either exposing themselves or engaging in sexual activity. At least five of these were images of child pornography.
Since the defendant lived in Leesville, Louisiana, the Jefferson Parish authorities contacted Vernon Parish authorities. On September 14, 2009, the defendant was arrested, and a search warrant was executed at the defendant’s residence on that date. During the search, the officers located the defendant’s computer. Upon viewing the hard drive, detectives observed numerous images of prepubescent females engaged in lewd and lascivious acts. According to the police report, the same images of unknown white females that were sent to the undercover officer on September 2, 2009, were observed to also be on the hard drive of the defendant’s home computer. In addition, numerous images of prepubescent females engaged in lewd and lascivious acts were discovered on several CDs that were located inside the defendant’s residence.
Subsequently, on March 24, 2010, the Vernon Parish District Attorney filed a bill of information charging the defendant with four counts of pornography involving juveniles that were allegedly committed on or about September 14, 2009, in violation of LSA-R.S. 14:81.1(A)(3). On September 8, 2010, the defendant pled guilty to count one[1] of the bill which alleged that on or about September 14, 2009, the defendant “committed the offense of Pornography Involving a Juvenile, by intentionally possessing a photograph, film, video tape, or other visual reproduction of a sexual performance involving a child under the age of seventeen, said images being stored in memory of his computer hard drive, in violation ofJjR.S. 14:81.1(A)(3).”[2] As a result of this guilty plea, the defendant was sentenced to two years in the Department of Corrections.
Defendant was released from the Vernon Parish Correctional Center on September 13, 2011, and was transported to the Kenner Police Department where he was booked with one count of computer-aided solicitation for sexual purposes, three counts of indecent behavior with juveniles, and five counts of pornography involving juveniles.
On November 10, 2011, the Jefferson Parish District Attorney filed a bill of information charging the defendant with pornography involving juveniles, in violation of LSA-R.S. 14:81.1(A)(3) (count one), and indecent behavior with juveniles, in violation of LSA-R.S. 14:81(A)(2) (count *987 two). Count one alleged that on or between September 2 and 9, 2009, the defendant “violated La.R.S. 14:81.1(A)(8) in that he did intentionally possess, distribute, or possess with the intent to sell or distribute any photographs, films, videotapes, or other visual reproductions of sexual performances involving children under the age of 17, to wit: distribution of child pornography.” In count two, the State alleged that on or between August 29 and 31, 2009, the defendant “violated La.R.S. 14:81(A)(2) in that he did transmit an electronic textual communication or an electronic visual communication depicting lewd or lascivious conduct, text or images to a person reasonably believed to be under the age of seventeen and reasonably believed to be at least two years younger than the offender with the intention of arousing or gratifying the sexual desires of either person.” At his November 80, 2011 arraignment, the defendant pled not guilty to these charges.
|fiOn January 3, 2012, the defendant filed a motion to quash the bill of information pursuant to LSA-C.Cr.P. art. 532(6). In the motion, counsel asserted that the Jefferson Parish charges should be dismissed based on double jeopardy because the defendant had already been prosecuted and served time for the same crimes in Vernon Parish. After a hearing, the trial court denied the motion. In his oral reasons for the denial, the trial judge stated that although distribution of child pornography required the defendant to first possess that pornography, double jeopardy principles were not violated because the bills of information from Jefferson and Vernon Parishes alleged that the offenses occurred on different dates.
Following this denial, the defendant withdrew his not guilty pleas and pled guilty as charged under State v. Crosby, 338 So.2d 584 (La.1976), reserving his right to appeal the trial judge’s denial of the motion to quash. In accordance with the plea agreement, the trial judge sentenced the defendant to imprisonment at hard labor for two years without benefit of parole, probation, or suspension of sentence on count one and imprisonment at hard labor for two years on count two, to run concurrently. Defendant now appeals.

LAW AND ANALYSIS

The sole issue raised on appeal is whether the trial court erred by denying the defendant’s motion to quash the bill of information. Defendant specifically contends that double jeopardy prevented the State from prosecuting him in Jefferson Parish because he was already prosecuted and served time for the same crimes in Vernon Parish. The State responds that the trial judge properly denied the motion to quash, noting that the charging instruments alleged that the defendant engaged in separate criminal conduct, on separate occasions, on different days; therefore, the defendant would not be placed twice in jeopardy for the same offense.
|fiBoth the Fifth Amendment to the United States Constitution and Article 1, § 15 of the Louisiana Constitution guarantee that no person shall be twice placed in jeopardy for the same offense. The guarantee against double jeopardy includes constitutional protections against: 1) a second prosecution for the same offense after acquittal; 2) a second prosecution for the same offense after conviction; and 3) multiple punishments for the same offense. State v. Smith, 95-61 (La.7/2/96), 676 So.2d 1068, 1069.
LSA-C.Cr.P. art. 596 provides:
Double jeopardy exists in a second trial only when the charge in that trial is: (1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, *988 whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
(2)Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial.
Louisiana courts employ two tests in examining violations of double jeopardy. The “distinct fact” test, commonly referred to as the Blockburger test, is taken from Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), as follows:
The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.
The second test is the “same evidence” test. In State v. Steele, 387 So.2d 1175, 1177 (La.1980), the Louisiana Supreme Court explained that test as follows:
If the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for conviction, not all the evidence introduced at trial. See State v. Doughty, supra.
|7The “same evidence test” is somewhat broader in concept than Blockburger, the central idea being that one should not be punished (or put in jeopardy) twice for the same course of conduct.
In light of this jurisprudence, we now turn our attention to the two offenses at issue in the Jefferson Parish bill of information. In count two of the Jefferson Parish bill of information, the State alleged that on or between August 29 and 31, 2009, the defendant “did transmit an electronic textual communication or an electronic visual communication depicting lewd and lascivious conduct, text or images to a person reasonably believed to be under the- age of seventeen and reasonably believed to be at least two years younger than the offender with the intention of arousing or gratifying the sexual desires of either person.” In count one of the Vernon Parish bill of information, the State alleged that on or about September 14, 2009, the defendant committed the offense of pornography involving a juvenile “by intentionally possessing a photograph, film, video tape, or other visual reproduction of a sexual performance involving a child under the age of seventeen, said images being stored in memory of his computer hard drive.” Clearly, the Vernon Parish bill charges the defendant with possession of child pornography occurring on or about September 14, 2009, while count two of the Jefferson Parish bill involves electronic communications of a lewd nature, i.e., both the transmittal of the lewd images of the unknown white male and the lewd chatting that the defendant directed toward “Ashton,” which occurred between August 29 and 31, 2009.
A comparison of these two offenses reveals that sending electronic communications of a lewd nature (either text or images) to a person reasonably believed to be under the age of seventeen (count two of the Jefferson Parish bill) is completely different conduct from possession of child pornography (the Vernon |sParish bill). Defendant’s lewd chats with “Ashton” and his transmittal of the lewd images of the unknown white male were not an element of the possession of child pornography charge in Vernon Parish. The material that forms the basis of the child pornography charges in Vernon Parish is not the same material that forms the basis of the *989 indecent behavior with juveniles charge in Jefferson Parish. Although evidence of child pornography would be required to convict the defendant of count one in Vernon Parish, no evidence of child pornography would be required to convict the defendant of count two in Jefferson Parish. Neither count two of the Jefferson Parish bill, nor the police report introduced into the record, allege that the defendant was in possession of, or distributed, child pornography between the dates of August 29 and 31, 2009 (the relevant time period covered by count two). Clearly, these two offenses are not the same offenses under Bloclcburger, and the evidence required to support a conviction of each offense is not the same. Thus, double jeopardy principles were not violated with respect to count two of the Jefferson Parish bill of information.
The next issue is whether distribution of child pornography charged in count one of the Jefferson Parish bill and possession of child pornography charged in the Vernon Parish bill are separate offenses for double jeopardy purposes. While the Vernon Parish bill charges possession of child pornography on or about September 14, 2009, count one of the Jefferson Parish bill charges distribution of child pornography between September 2 and 9, 2009.
In United States v. Faulds, 612 F.3d 566 (7th Cir.2010), cert. denied, — U.S. —, 131 S.Ct. 949, 178 L.Ed.2d 784 (2011), the defendant was convicted of one count of distribution of child pornography and a separate count of possession of such material. On appeal, the defendant argued that the possession charge was included within the distribution charge, and his conviction on both counts therefore violated [flthe double jeopardy clause. The appellate court found that even assuming the jury convicted the defendant of both distribution and possession based solely on the same images, the fact that the distribution count was based on events that transpired more than a month before the events giving rise to the possession count was fatal to the defendant’s claim that he was being punished twice for the same offense. The court further found that the crime of distributing the contraband material was complete when the receiver downloaded the images and movie from the defendant’s server, and the fact that the defendant continued to possess those and other images thereafter constituted a separate crime. Thus, the court concluded that no double jeopardy violation had been shown under the Bloclcburger test. The court also commented that even if it was ordinarily true that to distribute something one must also possess it, it did not follow that one must possess it a month after the distribution was complete.
Also, in United States v. Stanley, Slip Copy, 2010 WL 5014353 (N.D.Fla.2010), the defendant pled guilty to both distribution (count one) and possession (count two) of child pornography. Both the indictment and the statement of facts supporting the plea referred to more than one image of child pornography, and the defendant’s possession and distribution occurred on more than one date. The appellate court found that multiple images were downloaded from the defendant’s computer on February 17, 2010, so as to support the distribution charge, and additional images were found on the defendant’s computer when it was seized on June 30, 2010, so as to support the possession charge. The court concluded that because the record showed that each count could be established based on conduct that occurred on different dates and involved different images, each count could be construed as a separate offense; thus, the defendant had no viable double jeopardy argument.
*990 [ 70In the instant case, the police report reflects that numerous images of child pornography were discovered on the hard drive of the defendant’s home computer and on several CDs inside his residence. In Vernon Parish, the defendant was charged with four counts of possession of child pornography; count one related to the images found on his computer hard drive and the other three counts related to images found on several CDs in his home. He pled guilty to count one of possession of child pornography and the other three counts were dismissed. According to the police report, the images that the defendant sent to the undercover officer in Jefferson Parish on September 2, 2009, were also contained on the hard drive of the defendant’s home computer on September 14, 2009. Although the police report indicates that “numerous images of prepubescent females engaged in lewd and lascivious acts including bondage and bestiality” were located on the hard drive of the defendant’s computer, the report does not specify the exact number of images. Although “numerous” would seem to imply more than five, we are unable to definitively determine from the record whether the hard drive of the defendant’s computer contained images of child pornography other than the five images that were transmitted to the Jefferson Parish officer on September 2, 2009. If the hard drive of the defendant’s home computer contained additional images of child pornography, different from the five images transmitted to the Jefferson Parish officer, then clearly no double jeopardy violation occurred. See State v. Fussell, 06-2595 (La.1/16/08), 974 So.2d 1223,[3] and United States v. Stanley, supra.
However, even assuming arguendo that the hard drive of the defendant’s home computer contained no images of child pornography other than the five | n images sent to the Jefferson Parish officer, we find that the possession of this material on the hard drive of his home computer on September 14, 2009, is a separate offense for double jeopardy purposes from the distribution of this material that occurred on September 2, 2009. In accordance with the court’s reasoning in United States v. Faulds, supra, we find that the crime of distributing the contraband material was complete when the receiver downloaded the images from the defendant’s server on September 2, 2009. The fact that the defendant continued to possess those images twelve days thereafter on September 14, 2009, constituted a separate crime. Therefore, we conclude that double jeopardy principles were not violated in the instant case, and the trial court did not err in denying the defendant’s motion to quash the bill of information.

ERRORS PATENT REVIEW

We have reviewed the record for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals two errors patent.
First, the record does not reflect that the defendant was notified of the sex offender registration requirements. Defendant’s convictions of pornography involving juveniles and indecent behavior with juveniles are defined as sex offenses by LSA-R.S. 15:541(24). LSA-R.S. 15:542 outlines mandatory registration requirements for sex offenders. LSA-R.S. *991 15:543(A) mandates the trial court to notify a defendant charged with a sex offense in writing of the registration requirements of LSA-R.S. 15:542. Such notice shall be included on any guilty plea forms and judgment and sentence forms provided to the defendant. LSA-R.S. 15:543(A).
This Court has recognized the failure of the trial court to give the notice as an error patent which requires remand. We therefore remand the case to the trial 112court with instructions to the trial judge to inform the defendant of the registration requirements for sex offenders by sending appropriate written notice to the defendant, within ten days of this Court’s opinion, and to file written proof in the record that the defendant received such notice. State v. Starr, 08-341 (La.App. 5 Cir. 11/25/08), 2 So.3d 451, 460-461, writ denied, 08-2991 (La.9/18/09), 17 So.3d 384.
Secondly, we note that the trial judge failed to impose, on count one, the mandatory fine of not more than ten thousand dollars as required by LSA-R.S. 14:81.1(E). This Court has the authority to correct an illegal sentence. LSA-C.Cr.P. art. 882. However, this authority is permissive rather than mandatory.
When a defendant is sentenced pursuant to a guilty plea, this Court has declined to correct an illegally lenient sentence, recognizing that the appellate court should refrain from employing errors patent review to set aside guilty pleas about which the defendant makes no complaint and that resulted in disposition of the case favorable to the defendant. State v. McGee, 09-102 (La.App. 5 Cir. 9/29/09), 24 So.3d 235, 242. In State v. Campbell, OS-1226 (La.App. 5 Cir. 5/26/09), 15 So.3d 1076, writ denied, 09-1385 (La.2/12/10), 27 So.3d 842, this Court, noting the defendant’s indigent status, declined to correct an illegally lenient sentence where the trial court failed to impose a mandatory fine in a sentence that was part of a plea bargain.
In the instant case, it is noted that the defendant is indigent, since he is represented by the Louisiana Appellate Project, which provides appellate services for indigent criminal defendants in non-capital felony cases. Since the defendant’s sentence resulted from a guilty plea and the defendant is indigent, we refrain from exercising our authority to correct the illegally lenient sentence. See State v. Ford, 11-91 (La.App. 5 Cir. 12/13/11), 81 So.3d 841, 847, writ denied, 12-64 (La.4/20/12), 85 So.3d. 1269.
For the reasons set forth herein, we find no error in the trial court’s denial of the defendant’s motion to quash and accordingly affirm the defendant’s convictions and sentences. We remand the matter to the trial court with instructions to inform the defendant of the sex offender registration requirements.

CONVICTIONS AND SENTENCES AFFIRMED; REMANDED WITH INSTRUCTIONS

. The Vernon Parish District Attorney dismissed counts two, three, and four, each of which charged defendant with pornography involving juveniles relating to the images found on the several CDs/DVDs in his home.

. In brief, defendant argues that the September 14, 2009 offense date alleged in the bill of information must be incorrect because defendant was arrested on September 9, 2009. The record reflects' that defendant was arrested on September 14, 2009, and the search of his residence was conducted on that date.

. In Fussell, the Louisiana Supreme Court held that the language of LSA-R.S. 14:81.1(A)(3) allowed a separate count to be charged for each child, in each performance, captured in any photographs, films, videotapes, or other visual reproductions that a defendant intentionally possesses.